UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VFD CONSULTING, INC.                              No. C-04-2161 SBA (EMC)

        Plaintiff,

        v.                                            **ORDER RE MEET AND CONFER**

21st SERVICES, *et al.*,

        Defendants.
_____/

        Defendant 21 Services filed a motion to compel on April 27, 2005. *See* Docket No. 82. Based on the Court's review of the papers filed, it appears that, although the parties engaged in an in-person meet and confer several months ago, the parties did not meet and confer in person prior to the dispute that led to the instant motion. This is in violation of the Court's standing order on discovery. Moreover, based on the Court's review of the papers filed, the Court questions the adequacy of the parties' meet and confer efforts because it is hard to believe that much, if not all, of the issues raised in the motion cannot be resolved by the parties without the need for judicial intervention.

        Accordingly, the Court hereby orders the parties to conduct an in-person meet and confer by May 20, 2005. Either lead trial counsel shall attend the meet and confer or counsel with *full and complete* authority on discovery matters.

        The parties are forewarned that the in-person meet-and-confer requirement shall be imposed on all future discovery disputes. The parties are also forewarned that the Court will not look kindly upon unnecessary posturing by either party and that any party that takes a position that is not substantially justified may be subject to sanctions.

Finally, *in lieu of any opposition or reply brief*, the parties shall file a joint letter on June 1, 2005, discussing the results of their meet and confer. The joint letter should reflect when the in-person meet and confer took place, how long it lasted, and who participated. The joint letter should also inform the Court of the issues on which the parties were able to which agreement and the issues, if any, still in need of resolution. For each remaining dispute, the parties should provide brief statements in support of their respective positions, including citation to any applicable legal authority. The parties should use the attached template for their joint letter.

IT IS SO ORDERED.

Dated: April 29, 2005

                                                         /s/
                                       EDWARD M. CHEN
                                       United States Magistrate Judge

[Date]

VIA [METHOD][1]

Honorable Edward M. Chen
United States Magistrate Judge
U.S. District Court
450 Golden Gate Avenue
San Francisco, CA 94102

      Re: [Case number and case name]

Dear Judge Chen:

      The parties have met and conferred regarding several discovery disputes. The meet and confer took place on [date], with the participation of [Plaintiff's attorney], representing Plaintiff, and [Defendant's attorney], representing Defendant. The meet and confer was in person and lasted approximately [minutes or hours].

### I.  RESOLVED DISCOVERY DISPUTES

      The parties reached agreement on several discovery disputes. Those agreements are as follows:

[Description of Agreement No. 1.]

[Description of Agreement No. 2.]

[Description of Agreement No. 3, etc.]

### II.  REMAINING DISCOVERY DISPUTES

      The parties were not able to reach agreement on the remaining discovery disputes. Those remaining disputes and the parties' respective positions are provided below. Copies of the relevant discovery requests and responses are attached as Exhibits [numbers].[2]

A.    [Dispute No. 1]

    1.    [Position of Party Seeking Discovery][3]

    2.    [Position of Party Opposing Discovery]

---

[1] Note for Counsel: The Court may request a courtesy copy of the joint letter to be faxed to chambers. If so, counsel should still file a copy of the joint letter with the Clerk of the Court. The letter faxed to chambers is a courtesy copy only. *As a general matter, parties may not fax any papers to the Court without prior leave of the Court.*

[2] Note for Counsel: Unnecessary exhibits should not be attached.

[3] Note for Counsel: Each party's position should be stated succinctly (*e.g.*, in one paragraph). The purpose of the joint letter is to inform the Court of the essence of the dispute in lieu of full briefing. The Court may order full briefing and/or a hearing if necessary.

1    B.    [Dispute No. 2]
2         1.    [Position of Party Seeking Discovery]
3         2.    [Position of Party Opposing Discovery]
4    C.    [Dispute No. 3]
5         1.    [Position of Party Seeking Discovery]
6         2.    [Position of Party Opposing Discovery]
7    D.    [Dispute No. 4, etc.]
8         1.    [Position of Party Seeking Discovery]
9         2.    [Position of Party Opposing Discovery]

Sincerely,

| [Plaintiff's counsel] | [Defendant's counsel] |
|---|---|
| Attorney for Plaintiff | Attorney for Defendant |

**United States District Court**
For the Northern District of California