IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VFD CONSULTING, INC., <br><br> Plaintiff, <br> v. <br> 21st SERVICES; 21st HOLDINGS, LLC; PAUL KIRKMAN; and DOES 1 through 5, inclusive. <br><br> Defendants. <br> _____ | No. C 04-2161 SBA <br><br> *(Consolidated with Case No. 04-2162 SBA)* <br><br> **ORDER** <br><br> [Docket Nos. 56, 68] |

This matter comes before the Court on the Motion for Leave to Serve and File an Amended Answer with a Combined Counterclaim/Third Party Complaint of Defendants 21st Services, 21st Holdings LLC, and Paul Kirkman (collectively, "Defendants") [Docket No. 56] and the Motion for Leave to Intervene of Coventry First LLC [Docket No. 68]. Having read and considered the arguments presented by the parties and Coventry First LLC in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS IN PART AND DENIES IN PART Defendants' Motion for Leave to Serve and File an Amended Answer with a Combined Counterclaim/Third Party Complaint and GRANTS Coventry First LLC's Motion for Leave to Intervene.

**BACKGROUND**

**A.     Factual Background**.

Plaintiff VFD Consulting, Inc. ("VFD") is a California corporation that conducts business in Mendocino County. Compl. ¶ 1. VFD is in the business of providing risk assessment research and product development to the life insurance and related industries. *Id.* ¶ 7. VFD created a process that estimates the life expectancy of individuals with medical impairments who are over 65 years old ("Elders"). *Id.* The process developed by VFD is used to price life insurance settlements. *Id.* The process' design, methodology, and mortality assumptions incorporate knowledge of estimating life expectancies for Elders with medical impairments, knowledge of what kind of information is routinely available in medical files, and knowledge of what mortality assumptions are best used in such a process. *Id.*

Defendants 21st Services and 21st Holdings, LLC (collectively "21st") are businesses operating out of Minnesota. *Id.* ¶¶ 2-3. Paul Kirkman is the President of 21st Services. *Id.* ¶ 18. 21st is in the life insurance settlement business. *Id.* ¶ 8. One of the services that 21st provides is life expectancy calculations through a product known as "MedDiag." *Id.* ¶ 7, 8.

In 1998, VFD and 21st entered into a written agreement whereby VFD was to provide 21st with the process that VFD developed to estimate the life expectancy of Elders for use in 21st's MedDiag system. *Id.* ¶¶ 7, 9. The process that VFD developed for MedDiag remained the intellectual property of VFD. *Id.* ¶ 7. In 2001, VFD and 21st entered into an oral contract that modified the terms of their original contract. *Id.* ¶¶ 9-15. In December 2003, VFD and 21st began the process of negotiating a new contract. *Id.* ¶¶ 18-25. On February 10, 2004, VFD notified 21st that it was in breach of their oral contract and demanded that 21st cease and desist from using VFD's intellectual property. *Id.* ¶ 26. 21st, however, disavowed the existence of the oral contract. *Id.* ¶ 27.

During the period of 1998 to January 2004, VFD was contacted approximately two to three times per year by Kirkman to discuss minor adjustments of MedDiag's quantitative assumptions. *Id.* ¶ 35. Each time, VFD provided Kirkman with recommendations regarding the way the MedDiag program should be adjusted. *Id.* VFD did not ever look at the actual output of MedDiag or conduct a study of MedDiag's effectiveness. *Id.* VFD believed that 21st was responsible for requesting such an examination, to the extent that 21st determined that an examination was appropriate. *Id.* VFD did, however, consistently inquire about MedDiag's performance status. *Id.* 21st repeatedly assured VFD that MedDiag's "output was on target and was doing fine." *Id.*

In January 2004, during the contract negotiations between VFD and 21st, VFD learned from the Michael Gaines ("Gaines"), the Chief Financial Officer ("CFO") of a company named EMSI, that one of EMSI's prospective clients, Coventry Financial (also known as "Coventry"), was displeased with the accuracy of 21st's MedDiag system. *Id.* ¶ 37. *Id.* ¶ 38. When VFD contacted 21st about these concerns, Kirkman denied that 21st was having any problems with Coventry. *Id.* Gaines later confirmed that the president of Coventry was "very emphatic about his displeasure, and specifically stated that 21st and EMSI both did not produce accurate results." *Id.* ¶ 39.

2

## 2. Procedural History.

On May 3, 2004, Plaintiff filed a Complaint for Preliminary and Permanent Injunction against Defendants in the Superior Court of Mendocino County (*VFD Consulting, Inc. v. 21st Services, et al.*, case number CVG-0492383).  Also on May 3, 2004, Plaintiff filed a Complaint for Breach of Contract, Fraud, Negligence, Misappropriation and Conversion against Defendants in the Superior Court of Mendocino (*VFD Consulting, Inc. v. 21st Services, et al.*, case number CVG-0492385).

On June 1, 2004, Defendants filed a Notice of Removal relating to the removal of *VFD Consulting, Inc. v. 21st Services, et al.*, case number CVG -0492385, from Mendocino County Superior Court.[1]  Also on June 1, 2005, Defendants filed a Notice of Removal relating to the removal of *VFD Consulting, Inc. v. 21st Services, et al.*, case number CVG-0492383, from Mendocino County Superior Court.[2]  Both cases were removed on the basis of diversity jurisdiction.

On July 21, 2004, Defendants filed a Notice of Related Cases, explaining that case numbers 04-2161 and 04-2162 were actions involving the same parties, and arising out of the same facts and circumstances.[3]  In fact, Defendants represented that the sole difference between the two cases was that case number 04-2161 sought a preliminary injunction and that case number 04-2162 sought monetary damages.  On September 7, 2004, the two cases were ordered related by this Court.

On November 10, 2004 Coventry First LLC ("Coventry") filed a civil action against 21st Services in the United States District Court for the Eastern District of Pennsylvania entitled *Coventry First LLC v. 21st Services*, Civil Action No. 2:04-cv-05239 PBT (hereinafter "the Pennsylvania complaint" or "Pennsylvania action").  The Pennsylvania complaint is premised on Coventry's assertion that 21st Services knew or should have known that the mortality risk assessments and life expectancy projections it provided (and continues to provide) to settlement providers were and are false.  Coventry also asserts that 21st Services violated Pennsylvania's Viatical Settlements Act.

---

[1] The case was assigned number C 04-2161.

[2] The case was assigned number C 04-2162.

[3] Generally, in both complaints, Plaintiff VFD asserts that the viatical settlements calculated by the MedDiag system are inaccurate and fraudulent. *See* Notice of Removal at Ex. A.

1  On February 7, 2005, Defendants filed the instant Motion for Leave to Serve and File an Amended Answer with a Combined Counterclaim/Third Party Complaint ("Motion for Leave to File an Amended Answer" or "Defendants' Motion"). Defendants seek to add certain counterclaims against Plaintiff VFD and a third-party complaint against Coventry First LLC, a Pennsylvania limited liability corporation doing business in California, and Vera Dolan, a resident of California.[4] Also on February 7, 2005, Defendants filed an *ex parte* application to shorten time for hearing on Defendants' Motion for Leave to File an Amended Answer. Defendants based their request on the grounds that they would be "substantially harmed or prejudiced" if not allowed to amend their answer before discovery began.

On February 8, 2005, this Court denied Defendant's *ex parte* application due to Defendants' failure to identify a substantial harm or prejudice that necessitated a shortened time for the hearing. Per the Court's Order, Defendants' Motion for Leave to File an Amended Answer was set for hearing on March 29, 2005.

On February 15, 2005, 21st Services filed an answer to the Pennsylvania complaint. 21st Services' answer to the Pennsylvania complaint included counterclaims against Coventry.

On March 1, 2005, Plaintiff filed an Opposition to Defendants' Motion. On March 8, 2005, Defendants filed a Reply brief in support of their Motion for Leave to File an Amended Answer. In the Reply, Defendants conceded, for the first time, that they were involved in similar litigation against Coventry in the United States District Court of the Eastern District of Pennsylvania.

On March 9, 2005, Coventry filed a Motion for Leave to Intervene. On March 16, 2005, Coventry filed an *ex parte* motion for Order Shortening Time for the filing of a Motion for Leave to Intervene. Through its *ex parte* motion, Coventry sought to have Coventry's Motion for Leave to Intervene heard on March 29, 2005. In its Motion for Leave to Intervene, Coventry requested leave to intervene as a matter of right, under FRCP 24(a), or permissively under FRCP 24(b), solely for the purpose of opposing Defendants' Motion.

On March 23, 2005, Defendants filed a Motion to Transfer Venue in the Eastern District of Pennsylvania. In their Motion to Transfer Venue, Defendants sought to transfer the Pennsylvania action to this

---

[4] Although it is not clearly stated in either party's pleadings, according to the briefs filed by both parties with regard to the instant motions, Vera Dolan is the owner of VFD.

4

jurisdiction.

On March 24, 2005, this Court filed an Order denying Coventry's *ex parte* motion for Order Shortening Time. The hearing on Coventry's Motion for Leave to Intervene and Defendants' Motion for Leave to File an Amended Answer was continued to April 26, 2005.

On April 15, 2005, the United States District Court for the Eastern District of Pennsylvania denied 21st Services' Motion to Transfer Venue.

On April 20, 2005, Defendants filed an *ex parte* application for leave to file further briefing. Specifically, Defendants requested leave to file a supplemental brief addressing the United States District Court for the Eastern District of Pennsylvania's denial of 21st Services' Motion to Transfer Venue.

On April 21, 2005, this Court granted Defendants' *ex parte* application. The Court also directed Plaintiff and Coventry to file supplemental briefing on or before April 26, 2005. The Court continued the April 26, 2005 hearing on Defendants' and Coventry's motions to May 10, 2005.

## ANALYSIS

**A.    Coventry's Motion for Leave to Intervene**

Coventry has filed a Motion for Leave to Intervene under Federal Rule of Civil Procedure 24(a) or, alternatively, under Federal Rule of Civil Procedure 24(b), for the sole purpose of opposing Defendants' Motion for Leave to File an Amended Answer. Defendants oppose Coventry's Motion, and argue that Coventry may only seek leave to intervene as a full party to the litigation and not for a limited purpose.

**1.    Limited Intervention**

Contrary to Defendants' assertions, Coventry's request to intervene solely for the limited purpose of opposing Defendants' Motion is permissible in the Ninth Circuit. *See, e.g., LG Electronics Inc. v. Q-Lity Computer*, 211 F.R.D. 360, 366 (N.D. Cal. 2002) (permitting non-party to intervene for limited purpose of opposing plaintiff's motion to amend its patent infringement contentions). In fact, the Ninth Circuit has expressly held that a non-party seeking to intervene need not intervene as a full party to the litigation, but may intervene for a limited purpose. *See, e.g., Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 472 (9th Cir.1992) (approving intervention of nonparty who sought only to modify a protective order).

Since it is well-established that a non-party may intervene for the limited purpose of opposing a motion,

the next inquiry is whether Coventry has met the requirements of Federal Rule 24(a)(2) or Federal Rule 24(b)(2).

### 2. Intervention as a Matter of Right

Rule 24(a)(2) of the Federal Rules of Civil Procedure, which governs intervention as a matter of right, provides:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). Rule 24(a) is construed liberally in favor of potential intervenors. *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir.2001) (citing *Forest Conservation Council v. United States Forest Service*, 66 F.3d 1489, 1493 (9th Cir.1995)). Allowing parties with a practical interest in the outcome of a particular case to intervene often prevents or simplifies future litigation involving related claims and, at the same time, allows an additional interested party to express its views before the court. *Forest Conservation Council*, 66 F.3d at 1496 n. 8 (emphasis in original).

The Ninth Circuit applies a four-part test to evaluate motions for intervention under Rule 24(a):

(1) the motion must be timely;
(2) the applicant must have a significantly protectable interest relating to the property or transaction which is the subject of the action;
(3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and
(4) the applicant's interest must be inadequately represented by the parties to the action.

*Smith v. Marsh,* 194 F.3d 1045, 1049 (9th Cir. 1999).

Coventry argues that it meets all of the criteria set forth in *Smith*. First, Coventry argues that its Motion for Leave to Intervene is timely, as this Court has not yet ruled on Defendants' Motion. Second, Coventry contends that its "significantly protectable interest" is adequately demonstrated by the fact that Defendants seek to join Coventry as a necessary party to the instant litigation and have sought leave to file a third-party complaint against Coventry. Third, Coventry argues that the disposition of this action would, as a practical matter, impair or impedes its ability to protect its interests because it would be forced to litigate the same claims in two different courts if this Court grants Defendants leave to file the third-party complaint against Coventry.

6

Finally, Coventry argues that its interests are not adequately represented by Plaintiff, since Plaintiff is not also a party to the litigation between Coventry and Defendants in the Eastern District of Pennsylvania. In response, Defendants dispute only that Coventry has effectively shown that its interests are not adequately represented by Plaintiff.

In determining whether a would-be intervenor's interests are adequately represented by an existing party, the Court considers: (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect. *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 838 (9th Cir.1996). The burden of showing inadequacy is minimal, and the applicant need only show that representation of its interests by existing parties "may be" inadequate. *Southwest Center for Biological Diversity*, 268 F.3d at 823 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972)).

Here, the fact that Plaintiff is not a party to the Pennsylvania litigation is significant. Unlike Coventry, Plaintiff clearly does not have first-hand information regarding the status or procedural posture of the Pennsylvania litigation. Indeed, much of the information pertaining to the Pennsylvania action has been provided to the Court through the briefing on Coventry's Motion to Intervene. Further, although Plaintiff argues that it would also be inconvenienced if Coventry were joined as a party to this action, Coventry's and Plaintiff's interests would be practically impaired in different ways. For example, Plaintiff argues that it would need to expend time and resources monitoring the Pennsylvania action, but admits that it would not actually be a party to the litigation. In contrast, Coventry argues that it is currently a party to the Pennsylvania action and would therefore be forced to endure duplicative litigation. Accordingly, Coventry has shown that its interests are not adequately represented by Plaintiff. As such, this Court hereby GRANTS Coventry the right to intervene for the purpose of opposing Defendants' Motion.

**2.    Permissive Intervention.**

Even if Coventry were not entitled to intervene as a matter of right, however, it would be permitted to intervene under Federal Rule 24(b)(2).

Rule 24(b)(2) states:

> Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common . . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b)(2).

Here, Coventry wishes to be heard only with respect to issue of whether it should be joined as a party to this litigation. Defendants' desire to join Coventry as a party, and Coventry's desire to prevent Defendants from suing it in two different courts for the same claims, necessarily involve common questions of law and fact.[5] Further, Coventry's intervention will not unduly delay or prejudice the rights of the existing parties because the scope of its intervention is limited to the instant motions. Accordingly, even if Coventry were not entitled to intervene as a full matter of right under Federal Rule 24(a)(2), this Court would permit Coventry leave to intervene under Federal Rule 24(b)(2).

**B.   Motion for Leave to Serve and File An Amended Answer With a Combined Counterclaim/Third-Party Complaint.**

In their Motion for Leave to Serve and File an Amended Answer, Defendants seek to leave to file and serve a combined pleading that contains: (1) new counterclaims against VFD; (2) a third-party complaint against Vera Dolan, the owner of VFD; and (3) a third-party complaint against Coventry.

Defendants argue that leave to file an amended answer should be granted under Federal Rules of Civil Procedure 13(e), 15(d), 19(a), and 20(a). Specifically, Defendants assert that leave to amend a pleading is "freely given," pursuant to Rules 15(d) and 13(e).[6] Defendants further contend that Coventry must be joined to the action as a necessary party under Federal Rule 19(a). Alternatively, Defendants argue that they should

---

[5] Indeed, this is made apparent by the fact that Defendants seek to join Coventry as a necessary party to the action under Federal Rule of Civil Procedure 19(a), which requires a finding that Coventry "claims an interest relating to the subject of the action and is so situated that the disposition of the action in [Coventry's] absence may . . . as a practical matter impair or impede [Coventry's] ability to protect that interest . . . ." *See* Fed. R. Civ. P. 19(a).

[6] Defendants also erroneously contend that the assertion of new claims against Coventry and Dolan is permissible under Federal Rule of Civil Procedure 14(a). Defendants' reliance on Federal Rule 14(a) is misplaced. Federal Rule 14(a) provides only that "a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action ***who is or may be liable to the third-party plaintiff*** for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a) (emphasis added). Since Defendants do not contend that either Dolan or Coventry is liable for Plaintiff's claim against Defendants, Rule 14(a) is inapplicable.

8

be allowed to join Coventry pursuant to the permissive joinder provision of Federal Rule 20(a).

Federal Rule 15(d) stands for the general proposition that "the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). Federal Rule 13 authorizes a party to assert a counterclaim or cross-claim against its opposing party. Fed. R. Civ. P. 13. Specifically, Federal Rule 13(e) provides that "[a] claim which either matured or was acquired by the pleader after serving a pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading." *Id.*

Federal Rule 19(a) governs the joinder of persons necessary to an action and provides in relevant part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff.

Fed. R. Civ. P. 19(a).

Federal Rule of Civil Procedure 20(a) governs permissive joinder. It provides:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded.

Fed. R. Civ. P. 20(a).

Plaintiff is not opposed to Defendant's request to file (1) new counterclaims against VFD; and (2) a third-party complaint against Vera Dolan. Indeed, the assertion of new counterclaims against Plaintiff, who is an existing party to the litigation, is expressly provided for under Federal Rule 13(a) and 15(d).[7] Plaintiff is

---

[7] Despite the fact that Vera Dolan is also a new party to this litigation, Defendants improperly rely only on Federal Rules 13(e), 14(a), and 15(d) to establish that they may file a third-party complaint against Dolan. However, since Defendants' request to join Dolan as third-party defendant to this action is unopposed, Defendants are hereby GRANTED leave to file a third-party complaint against Dolan.

opposed, however, to the joinder of Coventry as a party to this litigation. Specifically, Plaintiff argues that Defendants should not be permitted to file a third-party complaint against Coventry because Defendants have already asserted the same counterclaims against Coventry in the Eastern District of Pennsylvania. Plaintiff further argues that it would be unfairly prejudiced if Defendants were allowed to proceed against Coventry in this action because Plaintiff "would be forced to engage Pennsylvania counsel to monitor or intervene in that action to ensure that its rights in the California litigation are not compromised by any contrary ruling in the Pennsylvania case." Pl's Limited Opp. to Defendants' Leave to File An Amended Answer ("Pl's Lim. Opp.") at 5:7-11. Plaintiff also notes that "orders or judgments in either case would raise serious issues of collateral estoppel, res judicata and the potential for countervailing judgments or damage awards." *Id.* at 5:2-4. Additionally, Plaintiff notes that "forcing two federal courts in different jurisdictions to oversee litigation of the same issues with the same parties is a waste of scarce judicial resources and will likely lead to confusion and duplicative litigation." *Id.* at 4:25-28.

Coventry is also opposed to being joined as a party to this litigation on the grounds that it is already litigating the same claims against Defendants in the Eastern District of Pennsylvania. Coventry argues that duplicative litigation should be discouraged by this Court, and that it would be unfairly prejudiced if forced to defend against multiple actions in California and Pennsylvania. Coventry notes, on the other hand, that Defendants would not be prejudiced if their motion is denied because Defendants would still be able to pursue all of their claims against Coventry in Pennsylvania.

In their initial moving papers, Defendants did not deny that the claims they sought to assert against Coventry in the proposed third-party complaint were identical to those they had already asserted against Coventry in the Eastern District of Pennsylvania. Indeed, based on a review of Defendants' proposed third-party complaint and Defendants' answer in the Pennsylvania action, it is apparent that Defendants could not deny this, as the two pleadings are substantially identical. Defendants argued, however, that the third-party complaint would not result in duplicative litigation because this Court could consolidate the two actions after Defendants successfully transferred venue of the Pennsylvania action to this Court. Now that Defendants' Motion to Transfer Venue has been denied, however, Defendants argue that this Court must join Coventry to this litigation because the claims they seek to assert against Coventry in this Court arise under California law.

Defendants' inconsistent arguments completely undermine their credibility. As Coventry has aptly pointed out, Defendants may assert all of their claims against Coventry in the Pennsylvania action, regardless of whether those claims arise under California or Pennsylvania law. Federal courts regularly adjudicate claims arising under the laws of various states. *See, e.g., Computer Aid, Inc. v. Hewlett-Packard Co.*, 56 F.Supp.2d 526, 541 (E.D. Pa. 1999) (interpreting California Business and Professions Code § 17200). As such, the mere fact that Defendants may have cognizable claims against Coventry arising under California law is not a sufficient reason to join Coventry as a party to this litigation.

As Coventry has also noted, the fact that the Pennsylvania court denied Defendants' Motion to Transfer Venue now guarantees that Defendants' counterclaims against Coventry will be tried in Pennsylvania. Thus, granting Defendants leave to file the third-party complaint against Coventry in this Court would necessarily result in duplicative litigation. As a general rule, duplicative litigation is heavily disfavored. *See, e.g., Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976). In fact, joinder under Federal Rule of Civil Procedure 19(a) is typically invoked to *avoid* subjecting parties to "double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a). Accordingly, Defendants' motion for leave to file a third-party complaint against Coventry is DENIED.

//

**CONCLUSION**

The Court hereby ORDERS AS FOLLOWS:

1. Coventry's Motion Pursuant to FRCP 24(a) for Leave to Intervene [Docket No. 68] is GRANTED. Coventry is granted leave to intervene as a matter of right for the limited purpose of opposing Defendant's Motion for Leave to Serve and File an Amended Answer with a Combined Counterclaim/Third-Party Complaint.

2. Defendants' Motion for Leave to File an Amended Answer [Docket No. 56] is GRANTED IN PART AND DENIED IN PART. Defendants are GRANTED leave to file an amended answer that contains counterclaims against Plaintiff, who is an already existing party to this action. Defendants are also GRANTED leave to join Vera Dolan as a party and leave to file a third-party complaint against Vera Dolan. However, Defendants request to file a third-party complaint against Coventry is DENIED.

IT IS SO ORDERED.

Dated: 5-11-05

/s/ Saundra Brown Armstrong
SAUNDRA BROWN ARMSTRONG
United States District Judge