UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VFD CONSULTING, INC. | No. C-04-2161 SBA (EMC) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL FOR PRODUCTION OF DOCUMENTS AND GRANTING DEFENDANTS' APPLICATION FOR LEAVE TO FILE AN OBJECTION** |
| v. | |
| 21st SERVICES, *et al.*, | |
| Defendants. | **(Docket Nos. 107, 157)** |

Plaintiff VFD/Dolan's motion to compel production of documents came on for hearing on December 14, 2005. Having considered the papers filed in support thereof and in opposition thereto and the argument of counsel, and good cause appearing therefor. The Court hereby **GRANTS** the motion.

Of the documents listed on the privilege log provided by Defendant 21st Services, the only documents relevant to VFD's defamation claim in the instant case are part of 21ST 020813-20828. In particular, there are two relevant documents: notes of conversations taken by Steve Walker with potential witnesses of the alleged defamation by Ms. Dolan. As established by declarations filed herein by VFD, the other documents and recordings pertain solely to the Coventry litigation, not this case.

The first question is whether these notes of conversations, taken without direction from VFD's counsel can be privileged as attorney work product. It can. So long as a document is prepared in anticipation of litigation by or for another party or for that other party's representative, it

is privileged.  8 Wright and Miller, *Fed. Prac & Proc. Civ. 2d,* Section 2024; *Haigh v. Matsushita Elec. Corp. Of America*, 676 F. Supp. 1332 (E.D. Va. 1987).

The second question is whether the document is privileged given it had multiple purposes.  Mr. Walker testified he took notes of these conversations for "multiple purposes" including to help with public relations efforts, the legal efforts and with sales efforts.  Under *In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir. 2003), the question is whether if "in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation," (*id*.), and "would not have been created in substantially similar form but for the prospect of that litigation" (*id.* at 908) (citation omitted).  The party asserting the work product privilege has the burden of proving the applicability of the privilege.  *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003).  In light of the testimony of Mr. Walker, the fact that the notes were not taken at the request or direction of an attorney, and the Court's review of the pages of the documents submitted by 21st Services for *in camera* review, the Court finds that 21st Services has not carried its burden of proving the notes were made "because of" the litigation within the meaning of *In re Grand Jury Subpoena*.

Even if the privilege applied, VFD has demonstrated a substantial need for the notes for which there is no good substitute.  While VFD can take the depositions of Walker and the two witnesses, there is no good substitute for notes taken close in time of those conversations.  Such documentation, if containing some inconsistencies, could provide grounds for impeachment which cannot be obtained through other means.  These alleged witnesses to the purported defamation could be crucial to proving or disproving the defamation claim.  Accordingly, VFD has established a substantial need for this potentially important evidence.

In light of the Court's conclusion, it need not reach the question of waiver by 21st Services.

Accordingly, it is hereby ordered 21st Services shall produce pp. 21ST 020813-15 and 020818 with redactions only to pp. 020813 and 020818 by January 4, 2006.  The other pages, per 21st Services' declaration, are irrelevant to the defamation claim.

It is further ordered that Defendants' Application for leave to file an objection to Docket No. 147 (the Supplemental Declaration of Timothy Lord in support of the motion to compel) is

**GRANTED**.  Defendants' objection to Docket No. 147, attached as Exhibit 1 to the Application, shall be deemed filed and served on all parties as of the date of this order.  The objection is sustained.

This order disposes of Docket Nos. 107 and 157.

IT IS SO ORDERED.

Dated:  December 22, 2005

_____
EDWARD M. CHEN
United States Magistrate Judge